CPT CARLOS E. VERGARA, DETAILED DEF. COUNSEL

CPT STEVEN M. Walters, Associate D.C.

App. Ex. IX

**UNITED STATES, Appellee,**

v.

**Private E1 Cratis LEWIS, Jr.,
266–89–3934, United States
Army, Appellant.**

**ACMR 8900478.**

U.S. Army Court of Military Review.

19 Sept. 1991.

For Appellant: Mark L. Nestor (argued), Captain Alan M. Boyd, JAGC (on brief).

For Appellee: Captain Kenneth H. Goetzke, Jr., JAGC (argued), Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before GRAY, FOREMAN and HAESSIG, Appellate Military Judges.

## OPINION OF THE COURT

HAESSIG, Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial com-

posed of officer and enlisted members of attempted rape and breaking restriction in violation of Articles 80 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 934 (1982) [hereinafter UCMJ]. His approved sentence provides for a dishonorable discharge, confinement for eight years, total forfeitures, and reduction to Private E1.[1]

I

Facts

The appellant was apprehended the morning after an allegation of rape had been lodged against him, and was taken to the Fort Devens, Massachusetts, field office of the U.S. Army Criminal Investigation Command. There, Special Agent (SA) David A. Ross properly advised the appellant of his rights against self-incrimination and to counsel. UCMJ art. 31(b), 10 U.S.C. § 831(b), *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The appellant waived his rights and agreed to discuss the facts of the rape allegation. SA Ross knew at the time he started interrogating the appellant that the appellant was then undergoing nonjudicial punishment under the provisions of Article 15, Uniform Code of Military Justice, 10 U.S.C. § 815, and was pending involuntary administrative separation from the Army under the provisions of Army Regulation 635–200, Personnel Separations, Chapter 14 (20 July 1984) (C11, 22 Feb. 1988) [hereinafter Chapter 14 proceedings]. He testified that it was his experience that a soldier facing such proceedings would normally be advised of his rights to counsel.

In existence at the time SA Ross began interrogating the appellant was message guidance to judge advocates and legal counsel in the field resulting from the United States Supreme Court holding in *Arizona v. Roberson*, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988). Message, HQ, Dep't of Army, DAJA–CL, 251231Z Jul 88, Subject: *Arizona v. Roberson* [hereinafter message]. The message advised that suspects should be asked whether they have previously requested counsel after having been read their rights to counsel, and if the answer is affirmative, the interrogator should inquire as to when and where. The message also provided that if the answer was affirmative, and such a request for counsel was made within thirty days, the interrogation should cease and counsel should be notified. The record does not reflect whether SA Ross was aware of the message. In any event, he did not make such an inquiry of the appellant.

During SA Ross' interrogation of the appellant, the appellant initially claimed that his involvement with the victim was consensual. SA Ross, unsatisfied with the appellant's version of the facts, told the appellant:

[A]n investigation was nothing more than a puzzle, there was really no mystery behind it, that all the pieces more or less fit together, and what he was telling me wasn't consistent with the facts that had been previously reported to me.

SA Ross then described the statements to the appellant, who again maintained that his sexual encounter with the victim was consensual. SA Ross said he then:

[I]nformed [the appellant] that I wanted to help him, and in order to help him I needed to obtain the truth from him, as ammunition, because I needed to brief his commander, and I related something to the effect that if he was a commander and he had two soldiers before him, both equally guilty of a crime, one of them making a confession and the other not, that when it comes time to dip into the leniency bucket I'm sure he'd agree that the individual who made the confession, the commander would be more lenient on him than the other individual ...

1. Appellant's case previously has been before this court on two extraordinary writs, Lewis v. Chawalibog, ACMR MISC 8900115 (A.C.M.R. 8 March 1989) (unpub.), and Lewis v. Griffin, ACMR MISC 8900567 (A.C.M.R. 8 March 1989) (unpub.).

SA Ross also told the appellant of a prior instance where he had testified in favor of a soldier, and in that case the soldier had been dealt with leniently. The appellant ultimately made a statement to SA Ross in which he admitted that he sexually forced himself on the victim. The statement later became Prosecution Exhibit 2 at trial.

## II

### The Pretrial Statement

Based on these facts, the appellant asserts that the military judge erred in failing to grant a defense motion to suppress the appellant's incriminating statement to SA Ross. First, he argues that SA Ross was required to notify the counsel he consulted regarding the nonjudicial punishment and Chapter 14 proceedings by either the Manual for Courts–Martial, United States, 1984, Military Rule of Evidence 305 [hereinafter Mil.R.Evid.], or by the holdings of the United States Supreme Court in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); and, *Arizona v. Roberson*, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988). Second, he argues that the message from the Office of The Judge Advocate General created an independent right which required that the counsel he had consulted with respect to the other actions pending against him be notified. Third, he argues that the statement to SA Ross should have been suppressed because it was based on improper inducements in violation of Article 31, Uniform Code of Military Justice, and the fifth and sixth amendments to the Constitution. We disagree.

■ Military Rule of Evidence 305(e) provides that:

When a person subject to the code who is required to give warnings under [Mil. R.Evid. 305(c)] intends to question an accused or person suspected of an offense and knows or reasonably should know that counsel either has been appointed for or retained by the accused or suspect *with respect to that offense*, the counsel must be notified.... [emphasis added].

It is well settled that the "notice to counsel" rule, embodied in Military Rule of Evidence 305 and first enunciated in *United States v. McOmber*, 1 M.J. 380 (C.M.A.1976), does not apply to interrogations concerning unrelated offenses. This is true even if the interrogator knows that the accused is represented by counsel with respect to the other offense. *See, e.g., United States v. Spencer*, 19 M.J. 184 (C.M.A.1985); *United States v. Sutherland*, 16 M.J. 338 (C.M.A.1983); *United States v. McDonald*, 9 M.J. 81 (C.M.A.1980), and *United States v. Lowry*, 2 M.J. 55 (C.M.A.1976). Since there was no relationship between the offense for which the appellant was undergoing nonjudicial punishment and the offense about which SA Ross interrogated him, Military Rule of Evidence 305 imposed no obligation on SA Ross to notify the counsel the appellant had consulted with respect to either his Article 15 or Chapter 14 proceedings. Assuming, *arguendo*, that the appellant had, at the time of his interrogation by SA Ross, an attorney-client relationship with either of the counsel he had previously consulted, that relationship, standing alone, "does not trigger a Sixth Amendment right to the presence of counsel." *United States v. Jordan*, 29 M.J. 177, 186 (C.M.A.1989).

The appellant's argument that the trilogy of *Miranda, Edwards*, and *Roberson* prohibited SA Ross from interrogating him because he consulted counsel concerning the Article 15 and Chapter 14 proceedings was rejected by the United States Supreme Court in *McNeil v. Wisconsin*, — U.S. ——, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). In *McNeil*, the petitioner unsuccessfully attempted to combine his fifth and sixth amendment rights by arguing that his court appearance with counsel in connection with one crime "constituted an invocation of the *Miranda* right to counsel, and that any subsequent waiver of that right during police initiated questioning regarding *any* offense was invalid." *Id.* The appellant's argument here is the same as the petitioner's in *McNeil*. The result is also the same.

■ The appellant's argument that the message conferred a substantive right upon him, and that the government's failure to follow this guidance should result in the suppression of his statement to SA Ross also lacks merit. On its face the message was advisory only, and was addressed only to judge advocates and legal counsel, not commanders or law enforcement personnel. The message was not mandated by the Constitution, federal law, or Army regulation. Neither did it purport to create or confer a benefit or right upon individual soldiers. Accordingly, the message did not create "so important a safeguard ... as to warrant a rule of exclusion" for its violation. *United States v. Holsworth*, 7 M.J. 184 (C.M.A.1979) (quoting *United States v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979)). *Cf. United States v. Pollard*, 27 M.J. 376, 377 (C.M.A.1989) ("[d]eviating from a regulation or instruction which sets out procedures for collecting, transmitting or testing urine specimens does not render a sample inadmissible as a matter of law....").

■ The appellant's last argument that his statement should have been suppressed because it was obtained as a result of improper inducements, promises, or trickery is unsupported in the record. UCMJ, art. 31(d); *United States v. Steward*, 31 M.J. 259, 265 (C.M.A.1990) and cases cited therein.

### III

### The Article 32 Investigation

The appellant asserts as error the military judge's denial of defense motions for a new investigation under Article 32(b), Uniform Code of Military Justice, 10 U.S.C. § 832(b) [hereinafter Article 32 investigation]. We find no error.

■ At the Article 32 investigation, the defense sought to enter into the record the handwritten notes, otherwise unidentified, of CID agents. The investigating officer made a "cursory review" of the notes, copies of which the defense had in its possession, but refused to make the notes a part of his report of investigation based on his belief that the notes were redundant with information contained in the CID report. The appellant argues that the investigating officer's refusal to include the notes in his report of investigation indicated that he put undue emphasis on "what CID says" and that as a result the requirement of Rule for Courts-Martial 405(a) that the investigating officer make a "thorough and impartial investigation" was not satisfied.

The appellant made no allegation either at trial or before us that the investigating officer's refusal to include the notes in his report of investigation prejudiced his cause. The notes were in the possession of the defense at the Article 32 investigation and thus were available for the defense to use in the cross-examination of the CID witnesses. We find no harm to the appellant in the investigating officers' refusal to include the notes in his report of investigation. Accordingly, this assignment of error is without merit. *See United States v. Mickel*, 26 C.M.R. 104, 107 (C.M.A.1958) (one alleging error in the pretrial investigation must also show prejudice to a trial right).

■ The appellant also asserts as error the investigating officer's restriction of the defense cross-examination of government witnesses at the pretrial investigation.

The investigating officer testified that on several occasions that he interrupted the defense cross-examination of witnesses when the defense counsel "was going off into the ozone" or:

> [W]ould rephrase questions four or five or six or seven times, and on the fifth or sixth time I would start to ask them to explain where they were going with it, and if I didn't see any relevancy to the further questioning ... then I asked them to continue in another vein....

■ An Article 32 investigation is judicial in nature. *United States v. Hubbard*, 18 M.J. 678 (A.C.M.R.1984) and cases cited therein. The Article 32 officer, a quasi-judicial official, has an obligation to "regulate the matters before him" to ensure that the hearing is fair and impartial. *United States v. Collins*, 6 M.J. 256, 258

(C.M.A.1979). Necessarily, his authority to limit redundant, repetitive or irrelevant questions is co-extensive with his responsibility under Rule for Courts–Martial 405 and we so hold.

The appellant has not argued, at trial or before us, that he suffered any prejudice by the Article 32 officer's restriction of the defense cross-examination. We find no error.

We have considered the appellant's other assignments of error, including those personally asserted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Chief Judge GRAY and Senior Judge FOREMAN concur.