**UNITED STATES, Appellee,**

v.

**Cratis LEWIS, Jr., Private
U.S. Army, Appellant.**

**No. 67,373.
CM 8900478.**

U.S. Court of Military Appeals.

Argued Oct. 5, 1992.

Decided Feb. 25, 1993.

For Appellant: *Captain Robert H. Pope*
(argued); *Colonel Robert B. Kirby, Lieu-*

*tenant Colonel James H. Weise, Captain
Mark L. Tool* (on brief); *Mark L. Nestor*
and *Captain Alan M. Boyd.*

For Appellee: *Major Timothy W. Lucas*
(argued); *Colonel Dayton M. Cramer* and
*Lieutenant Colonel Joseph A. Russelburg*
(on brief).

*Opinion of the Court*

CRAWFORD, Judge:

In early 1989 Private Lewis was tried by a general court-martial composed of officer and enlisted members at Fort Devens, Massachusetts. Contrary to his pleas, appellant was convicted of attempted rape and breaking restriction, in violation of Articles 80 and 134 of the Uniform Code of Military Justice, 10 USC §§ 880 and 934, respectively. Appellant received a sentence of dishonorable discharge, confinement for 8 years, and total forfeitures. The convening authority approved the sentence. The Court of Military Review affirmed. 33 MJ 758 (1991). We granted review to determine the following:

> WHETHER THE MILITARY JUDGE ERRED IN DENYING THE DEFENSE MOTION TO SUPPRESS THE STATEMENT MADE BY APPELLANT TO A SPECIAL AGENT OF CID WHEN SUCH STATEMENT WAS TAKEN AFTER THE SPECIAL AGENT FAILED TO INQUIRE ABOUT THE ATTEMPT TO CONTACT APPELLANT'S ATTORNEY.

On October 20, 1988, appellant received nonjudicial punishment under Article 15 of the Code, 10 USC § 815, for making disrespectful comments to a non-commissioned officer. As part of the Article 15 proceedings, appellant availed himself of the opportunity to consult with counsel. On October 31, 1988, appellant elected not to appeal the Article 15. For the Article 15 and for his poor performance record, appellant was also facing an involuntary administrative separation from the Army under the provi-

sions of Army Regulation 635–200, Personnel Separations: Enlisted Personnel, Chapter 14 (separation for misconduct).

On November 5, 1988, while appellant was still under restriction as part of his Article 15 punishment, he was apprehended as a rape suspect. He was taken to the Fort Devens, Massachusetts, field office of the U.S. Army Criminal Investigation Command (CID). There, Special Agent (SA) David A. Ross advised appellant of his rights under Article 31(b), UCMJ, 10 USC § 831(b), and *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant waived those rights and agreed to be interviewed about the rape allegation.

At the time of questioning, SA Ross knew about appellant's Article 15 and Chapter 14 separation proceedings. SA Ross did not follow a recent Army advisory message (*see* 33 MJ at 760) directed to all judge advocates and legal counsel regarding notification of existing counsel. This message instructed interrogators to determine if the suspect had "requested" counsel within the last 30 days. If the suspect answered affirmatively, he should be asked "when and where." Then the interrogator was to notify the suspect's counsel. The record is silent as to whether SA Ross had knowledge of this instructive message. In any event, he did not ask the suggested question.

After waiving his Article 31(b) and *Miranda* rights, appellant ultimately made a statement to SA Ross in which he admitted some of the circumstances surrounding the attempted rape.

The defense argues that appellant's statement should have been suppressed at trial for several reasons: (1) violation of *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), and its progeny; (2) violation of the Sixth Amendment right to counsel under *McNeil v. Wisconsin,* —— U.S. ——, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991); (3) violation of Mil. R.Evid. 305(e), Manual for Courts–Martial, United States, 1984; and (4) violation of the Army message requiring notification of appellant's counsel.

Based on our decision in *United States v. Kendig,* 36 MJ 291 (CMA 1993), we reject the first three arguments but will address the fourth issue.

The defense asserts that appellant was denied due process because the CID Special Agent did not follow a Department of the Army (DA) message instructing him to question appellant regarding whether he had "requested" counsel in the last 30 days.

This message was advisory in nature and was to be used as a protective measure to ensure that the requirements of *Arizona v. Roberson,* 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988), were followed. This message was not a formal rule or regulation as is referred to in *United States v. Russo,* 1 MJ 134 (CMA 1975) (recruiter did not follow Army rules when enlisting new candidate). *Cf. United States v. Sloan,* 35 MJ 4, 8–9 (CMA 1992). The Supreme Court set out a test in *United States v. Caceres,* 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979), to determine if a court should exercise whatever discretion it may have to exclude evidence obtained in violation of a government regulation. This test has two prongs: First, we must determine whether there is a violation of "the Constitution or federal law." *Id.* at 749, 99 S.Ct. at 1470. Second, we must determine whether there is a violation of any safeguard to "the privacy of the citizenry" warranting a rule of exclusion as a sanction. *Id.* at 755, 99 S.Ct. at 1473. Here, both prongs of this test can be answered in the negative. This DA message was instructive in nature, and the questioning of appellant in this case did not violate his constitutional or statutory rights. It was designed to take a conservative approach to *Roberson* and to avoid needless appeals.

The judge did not err in denying appellant's motion to suppress his statement. Appellant was read and waived his Article 31(b) and *Miranda* rights. Furthermore, notification to counsel was not required. For these reasons, he is entitled to no relief.

The decision of the United States Army Court of Military Review is affirmed.

Judges COX and GIERKE concur.

SULLIVAN, Chief Judge (concurring in part):

I would resolve this case on the basis of the Supreme Court's decision in *McNeil v. Wisconsin*, —— U.S. ——, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991), and this Court's decision in *United States v. Sager*, 36 MJ 137 (CMA 1992). *See United States v. Kendig*, 36 MJ 291, 297 (CMA 1993) (Sullivan, C.J., concurring in part).

WISS, Judge (concurring in the result):

As to the first three bases of appellant's argument in support of the granted issue, I find no merit for the same reasons that I set out in my separate opinion in *United States v. Kendig*, 36 MJ 291 (CMA 1993). Appellant's final basis is that he is entitled to appellate relief from his conviction because Special Agent Ross did not follow the advice in Message, HQ, Dept. of Army, DAJA–CL, 251231Z Jul 88, Subject: *Arizona v. Roberson*. However, I conclude that this message simply offered a legal opinion on the reach of *Arizona v. Roberson*, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988), and on what law enforcement agents "should" do to avoid even an arguable transgression of the mandate of that decision. As such, it was no more than policy and, thus, offers appellant no protection: *"[P]olicy typically is not law." United States v. Sloan*, 35 MJ 4, 9 (CMA 1992). For these reasons, I join in affirming the decision below.