**UNITED STATES**

v.

Kevin M. KOHUT, 174–56–5595, Machinist's Mate Fireman Apprentice (E–2), U.S. Navy.

NMCM 93 01829.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 27 April 1993.

Decided 29 Nov. 1994.

LT Kent Tester, JAGC, USNR, Appellate Defense Counsel.

LT Darryl G. Geary, JAGC, USNR, Appellate Defense Counsel.

LT Robin W. Sardegna, JAGC, USNR, Appellate Government Counsel.

Before ORR and REED, Senior Judges, and DeCICCO, J.

REED, Senior Judge:

In this case we hold that a convening authority's failure to obtain prior approval from the Judge Advocate General [JAG] to refer offenses, which had been adjudicated in state judicial proceedings, to a court-martial is not a jurisdictional bar to trial by court-martial, even though such approval is required by Department of the Navy regulations. *See* Manual of the Judge Advocate General [JAGMAN], JAGINST 5800.7C of 6 Aug 1992, § 0124a. Put in a slightly different manner, a court-martial convened by such a commander does not lack jurisdiction to try such offenses.

## BACKGROUND

The appellant was tried by a special court-martial, military judge sitting alone, on 27 April 1993. Consistent with his pleas, the appellant was convicted of an unauthorized absence, failure to obey a lawful general order by underage drinking, drunken driving, two specifications of assault with a means likely to produce death or grievous bodily injury, and breaking restriction, in violation respectively of Articles 85, 92, 111, 128, and 134 of the Uniform Code of Military Justice ["UCMJ" or "the Code"], 10 U.S.C. §§ 885, 892, 911, 928, 934. He was sentenced to confinement for 5 months, forfeiture of $500.00 pay per month for 5 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged, but suspended all confinement in excess of 120 days as required by a pretrial agreement.

During the presentencing part of the appellant's court-martial, the parties entered into an oral stipulation of fact which revealed that both assaults to which the appellant had just pled guilty had previously been the subject of a state criminal proceeding. The stipulation indicated that the appellant was arrested in Florida on 8 September 1992 for aggravated battery as a result of striking two individuals, a sailor and the sailor's brother, with an aluminum baseball bat. He was confined in the Escambia County Jail, Florida, from the time of his arrest until 1 October 1992, when his case was handled through

a pretrial diversion program. Record at 55; Appellate Ex. V.

### FIRST ASSIGNMENT OF ERROR

The appellant now contends, in his first assignment of error,[1] that the court-martial did not have jurisdiction over Additional Charge II[2] and the specifications thereunder dealing with the assaults, citing § 0124 of the JAGMAN. He contends that under § 0124, the Secretary of the Navy has withheld from all convening authorities the authority to refer to court-martial charges that have already been disposed of in a state or foreign court unless permission has first been obtained from the JAG.

The Government concedes that § 0124 of the JAGMAN is applicable to the appellant's case and that the convening authority did not receive permission from the JAG to refer the charge and specifications in question to a court-martial. Such a failure constitutes error. However, the Government contends that this section does not establish any jurisdictional requirement to referral and that any requirement to comply therewith was waived by the appellant's guilty pleas, and his failure to object or move for dismissal. We agree. *See United States v. Watson*, 37 M.J. 166 (C.M.A.1993).

### ANALYSIS

■ Unless restricted by superior authority, an inferior commander's discretion in disposing of charges, either administratively or by trial by court-martial, must be exercised without interference. *United States v. Hardy*, 4 M.J. 20, 22 (C.M.A.1977). In accordance with the authority granted to him by Congress under Article 36 of the Code, 10 U.S.C. § 836, the President has prescribed rules governing pretrial, trial, and post-trial procedures for cases triable at courts-martial. These rules are contained in the Manual for Courts-Martial, United States, 1984 [MCM]. Under Rules for Courts-Martial [R.C.M.] 306(a) and 401(a), the President has delegated to the service secretaries the ability to withhold the authority of subordinate commanders "to dispose of offenses in a particular case, types of cases, or generally" by court-martial. *United States v. Allen*, 31 M.J. 572, 588 (N.M.C.M.R.1990) (citing R.C.M. 504, 601(b), and 306(a)), *aff'd*, 33 M.J. 209 (C.M.A.1991); *see also* UCMJ, arts. 22(a)(4), 23(a), 10 U.S.C. §§ 822(a)(4), 823(a).

The Secretary of the Navy has, pursuant to such authority, authorized the promulgation of § 0124 of the JAGMAN. Thus we do not question the validity of the section in question. We only analyze its effect and conclude that it does not "withhold" from an otherwise competent commander the authority to refer charges to trial by court-martial.

### ANALYSIS

Section 0124 of the JAGMAN provides in pertinent part:

**0124 EXERCISE OF COURT-MARTIAL JURISDICTION IN CASES TRIED IN DOMESTIC OR FOREIGN CRIMINAL COURTS**

a. Policy. When a person in the naval service has been tried in a State or foreign court, whether convicted or acquitted, or when a member's case has been "diverted" out of the regular criminal process for a probationary period, or has been adjudicated by juvenile court authorities, military charges shall not be referred to a court-martial or be the subject of nonjudicial punishment proceedings for the same act or acts, except in those unusual cases where trial by court-martial or the imposition of nonjudicial punishment is considered essential in the interests of justice, discipline, and proper administration within the naval service. Such unusual cases shall not be referred to trial by court-martial or be the subject of nonjudicial

---

1. I. APPELLANT'S COURT-MARTIAL LACKED JURISDICTION TO ENTER FINDINGS AS TO SPECIFICATIONS 1 AND 2 OF ADDITIONAL ADDITIONAL CHARGE II WHERE THESE OFFENSES, HAVING BEEN DISPOSED OF IN A LOCAL STATE COURT WERE REFERRED TO A SPECIAL COURT-MARTIAL WITHOUT PRIOR APPROVAL OF THE JUDGE ADVOCATE GENERAL OF THE NAVY.

2. The appellant incorrectly characterizes this charge as Additional Additional Charge II. We will refer to it in our opinion correctly as Additional Charge II.

punishment proceedings without specific permission as provided below. This policy is based on comity between the Federal Government and State/foreign Governments and is not intended to confer additional rights upon the accused.

. . . . .

c. *Procedure*

(1) *General and special courts-martial.* No case ... shall be referred for trial by general or special court-martial without the prior permission of the Judge Advocate General....

█ In interpreting such provisions, however, this Court will generally not attach jurisdictional significance to unartfully worded service regulations, *United States v. Brown*, 39 M.J. 114, 118 (C.M.A.1994), or attach jurisdictional significance to service regulations in the absence of their express characterization as such, *United States v. Jette*, 25 M.J. 16, 18 (C.M.A.1987). Deviations from service regulations in the referral process generally do not bestow an enforceable interest on an accused. *Brown* (holding that absence of language in JAGMAN § 0116f(3)(c) permitting a successor in command to refer charges does not withhold from an "acting" commander the authority to refer charges involving national security); *United States v. Murray*, 25 M.J. 445 (C.M.A.1988) (holding that convening authority's failure to comply with Article 34, UCMJ, requiring receipt of staff judge advocate's recommendation prior to referring a case to a general court-martial does not constitute jurisdictional error); *Jette* (holding that a commanding officer does not lose the authority to act as a convening authority despite having assumed command in violation of service regulations).

█ This Court recently outlined four principles to consider in determining whether a service regulation restricts a convening authority's discretion or authority to refer charges to a court-martial:

(1) *[P]olicy* typically is not *law*. *United States v. Sloan*, 35 M.J. 4, 9 (C.M.A.1992).

(2) A regulation may be asserted by an accused only if it is prescribed to protect an accused's right. *Id.; see also United States v. Lewis*, 36 M.J. 299 (C.M.A.1993).

(3) 'A court's duty to enforce an agency regulation is most evident when compliance with the regulation is mandated by the Constitution or federal law.' *United States v. Caceres*, 440 U.S. 741, 749 [, 99 S.Ct. 1465, 1470, 59 L.Ed.2d 733] (1979); *see also United States v. Bell*, 38 M.J. 358 (C.M.A.1993); *United States v. Cooper*, 35 M.J. 417· (C.M.A.1992), *cert. denied*, [——] U.S. [——], 113 S.Ct. 1580, 123 L.Ed.2d 148 (1993).

(4) A court has a duty to enforce an agency regulation when 'the Due Process Clause is implicated because an individual has reasonably relied on agency regulations promulgated for his guidance or benefit and has suffered substantially because of their violation by the agency.' *Caceres; see also United States v. McGraner*, 13 M.J. 408 (C.M.A.1982).

*United States v. Brown*, 40 M.J. 625, 631 (N.M.C.M.R.1994).

█ Contrasting the facts of this case against the first two principles of *Brown*, we conclude that the provisions of § 0124 do not deal with jurisdictional matters. By its very terms, § 0124 of the regulation publishes only a *policy*[3] to encourage "comity[4] between the Federal Government and State and foreign Governments." It expressly does not "confer additional rights upon an accused." JAGMAN § 0124a.

In previous decisions of this Court, we have reviewed similar provisions contained in an earlier version of the JAGMAN which restricted the authority of subordinate commanders to refer certain offenses to trial by

---

**3.** "Policy. The *general principles* by which a government is *guided* in its management of public affairs, or the legislature in its measures." *Black's Law Dictionary* 1157 (6th ed. 1990) (emphasis added).

**4.** Comity is "the informal and nonmandatory courtesy sometimes referred to as a set of rules to which the courts of one sovereignty often defer in determining questions (as of jurisdiction ...) where the laws or interest of another sovereignty are involved." *Webster's 3d New International Dictionary* 455 (1971).

court-martial. In *Allen, supra,* we upheld a provision restricting the authority of certain commanders to convene courts-martial to dispose of cases involving national security. 31 M.J. at 588. However, that earlier directive provided in part:

> *Limitations on Convening Authority.* Under R.C.M. 306(a) and 401(a), MCM, 1984, authority to dispose of cases involving national security ... is withheld from all officers of the naval service except those listed below. All officers otherwise empowered to dispose of offenses who receive reports or charges of offenses involving national security shall ... forward such reports for disposition directly and without delay to an appropriate officer listed below.

JAGINST 5800.7C of 1 July 1978, § 0116f(3)(c).

Unlike § 0124 of the current JAGMAN, § 0116f(3)(c) contained specific language expressly withholding authority to refer charges involving national security and provided direction to officers "otherwise" empowered to convene courts-martial. The intentional omission of such precise language in § 0124 of the current version of the JAGMAN, in light of *Allen,* clearly indicates to us that the Secretary did not intend to restrict a convening authority's power to refer charges that were previously the subject of civilian criminal proceedings. At most we view § 0124 as policy procedures to assist with the consistent disposition, in the naval service, of charges that have previously been the subject of civilian criminal proceedings.

We now turn to the final two principles of *Brown.* We have been unable to find any authority for the proposition that the provisions of § 0124 are either constitutionally mandated or federally required. In fact, the situation would appear to be just the opposite. While comity is encouraged between the U.S. military and the states, and even the military and the federal judicial systems, *see generally Woodrick v. Divich,* 24 M.J. 147 (C.M.A.1987), prosecutions under the laws of separate sovereigns for the same offenses do not subject an accused to double jeopardy under the U.S. Constitution. For double jeopardy purposes,

> state and federal governments are considered as separate sovereigns. Each derives its power from the organic law that established it and each has the power to determine independently what shall be an offense against its authority and to punish such offenses by exercising its own sovereignty.... [T]he same act may constitute a violation of both federal and state laws, and it has been held that a conviction or acquittal in one jurisdiction will not prevent a subsequent prosecution in the other if the case is one over which both sovereignties have jurisdiction....

21 Am.Jur.2d *Criminal Law* § 282 (1981). Thus, there is no constitutional bar to § 0124. "The general rule permitting successive federal and state prosecution for the same act may be affected by statute, however." *Id.* Yet, we have found no federal statute limiting jurisdiction in cases such as the one before us. "The power to convene a court-martial ... is a power that Congress has traditionally reserved for command.... [W]e are not justified in attaching jurisdictional significance to service regulations in the absence of their express characterization as such by Congress." *Jette,* 25 M.J. at 18.

Nor can the appellant claim to have reasonably relied upon § 0124 to his detriment, as suggested by the fourth principle of *Brown,* because the very language of the section provides notice that the provision is not intended as a benefit to an accused. In addition, the appellant agreed to plead guilty to the charge and specifications in question in order to obtain the benefit of a pretrial agreement, and as a result of that agreement, he has served less confinement than that adjudged.

Thus we conclude that § 0124 of the JAGMAN does not create any jurisdictional limitations upon a convening authority's power to refer charges to a court-martial. Its purpose is that which it states: for "comity between the Federal Government and State/foreign Governments" and not "to confer ... rights upon the accused." These offenses were

properly referred to trial by court-martial and the appellant stands appropriately convicted.

The appellant's remaining assignments of error are also without merit.[5] *United States v. Mitchell,* 39 M.J. 131 (C.M.A.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 200, 130 L.Ed.2d 131 (1994). We specifically find a bad-conduct discharge appropriate under the circumstances of this case.

[5]. II. APPELLANT'S SENTENCE IS INAPPROPRIATELY SEVERE BECAUSE THE NATURE AND SERIOUSNESS OF THE OFFENSES AND THE CHARACTER OF THE APPELLANT DO NOT WARRANT IMPOSITION OF THE BAD-CONDUCT DISCHARGE.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge ORR and Judge DeCICCO concur.

III. THE JUDGE ADVOCATE GENERAL OF THE NAVY'S PREPARATION OF NAVY-MARINE CORPS COURT OF MILITARY REVIEW JUDGE'S FITNESS REPORTS VIOLATES APPELLANT'S RIGHT TO AN IMPARTIAL JUDICIAL FORUM.